[No. C013456. Third Dist. Mar. 19, 1993.]

NATOMAS UNION SCHOOL DISTRICT, Plaintiff and Appellant, v. GRANT JOINT UNION HIGH SCHOOL DISTRICT, Defendant and Respondent.

## COUNSEL

Girard & Vinson, Girard & Griffin, Helene S. Momita and Allen R. Vinson for Plaintiff and Appellant.

McDonough, Holland & Allen, G. Richard Brown, Harriet A. Steiner, Janet D. Robinson and Douglas A. Potts for Defendant and Respondent.

## OPINION

BLEASE, Acting P. J.—This appeal is from an order dissolving a preliminary injunction and denying permanent injunctive relief in a dispute between two school districts concerning the division of property incident to a reorganization. Natomas Union School District (Natomas) seeks to bar the sale of real property by the Grant Joint Union High School District (Grant) pending an arbitration of the dispute. Natomas contends, inter alia, that the trial court erred in failing to submit the dispute to arbitration pursuant to Education Code section 35565.[1] We agree and will reverse the order denying injunctive relief.

### FACTS AND PROCEDURAL BACKGROUND

On March 5, 1991, the voters within Natomas, then a component elementary school district included within Grant, approved the creation of a unified district, withdrawing Natomas from Grant and expanding Natomas's responsibilities to include ninth through twelfth grade students. Within the boundaries of the districts is an undeveloped 25-acre parcel of real property, the Truxel site, acquired by Grant in 1960. During the process of reorganizing the districts Grant took preliminary action to sell the property.

On January 10, 1992, Natomas filed the complaint in this action. It has two counts. The first count, styled "Temporary Restraining Order, Preliminary and Permanent Injunctions," alleges that the unification election effected a transfer of all real property located in Natomas, held by Grant, to

---

[1]All undesignated references to a section are to the Education Code.

Natomas. It also alleges that disputes regarding the division of such property must be submitted to arbitration pursuant to section 35565 and that Grant's effort to dispose of the Truxel site was taken "to avoid the arbitration proceedings." It further alleges that it and Grant "have already requested that the issue of the disposition of the Truxel site be decided by arbitration."

The second count, styled "Declaratory Relief," repleads the allegations of the first count and asserts that Natomas and Grant dispute the ownership of the Truxel site. The prayer requests a preliminary and permanent injunction precluding Grant from selling the Truxel site.

Grant's answer denies that the unification election effected a transfer of real property and that section 35565 applies to real property. It also alleges that Grant submitted only the issue of division of personal property to mediation and that "its Board has not requested arbitration under Education Code section 35565." Grant cross-complained, seeking a declaration that it owned the Truxel site and damages for interference with its ownership by Natomas.

On January 30, 1992, an order granting a preliminary injunction was issued in favor of Natomas prohibiting Grant from selling or otherwise conveying the Truxel site until further order of the court. The order explained the court's view that the matter was "presently in arbitration" and the purpose of the injunction was to preserve the status quo until completion of the arbitration.

On April 15, 1992, the action was bifurcated for trial; Grant's claims for damages were severed and the claims for injunctive and declaratory relief were set for trial on April 24, 1992. The trial was conducted on April 24 and April 30, 1992. After submission of the matter the trial court announced that it would "lift" the preliminary injunction and "there will be no further order of injunctive relief" for the reason that Grant is entitled to sell the Truxel site. It directed Grant's counsel to prepare an appropriate order.

On May 7, 1992, the court issued an order dissolving the preliminary injunction and denying Natomas's request for a permanent injunction. ▬ ▬ It states: "The Court makes no final ruling at this time on the issues of declaratory relief raised by plaintiff and by defendant in

defendant's cross-complaint."[2] On May 11, 1992, Natomas requested a statement of decision why the matter is not arbitrable. A subsequent tentative decision responded as follows.

"At the time of trial, the evidence did not establish a dispute between governing boards of the district as required by Education Code section 35565, prior to the appointment of an arbitrator. Board approval is a necessary condition precedent. The evidence presented to the Court involved inquir[i]es by the districts regarding the costs associated with the arbitration process. The Boards should define the scope of arbitration when submitting matters to arbitration. District administrators do not have the authority to commit the District to arbitration absent Board approval."

On May 13, 1992, Natomas appealed from the order dissolving the preliminary injunction and denying permanent injunctive relief. Thereafter it petitioned for writ of supersedeas and this court issued an order staying the sale of the Truxel site pending further order of the court.

## DISCUSSION

### Introduction

Natomas contends the dispute regarding the Truxel property must be resolved by arbitration pursuant to section 35565.[3] If not, it argues the trial court erred in denying it injunctive relief because, on the merits, it is entitled to ownership of the Truxel site. Grant argues that arbitration was neither

---

[2]This order in effect fragments the judgment in the action, dividing the intertwined injunctive and declaratory relief components. We do not condone such a practice, since it leads, as here, to a multiplicity of appeals. However, no question of prematurity arises regarding this appeal. Regardless of the effect of the order as a final judgment, it is appealable as an order "granting or dissolving an injunction, or refusing to grant or dissolve an injunction." (Code Civ. Proc., § 904.1, subd. (f); see, e.g., 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 98.)

[3]Section 35565 is as follows. "If a dispute arises between the governing boards of the districts concerning the division of funds, property, or obligations, a board of arbitrators shall be appointed which shall resolve the dispute. The board shall consist of one person selected by each district from which territory is withdrawn pursuant to a reorganization action under this chapter, one person selected by each district of which territory has become a part, pursuant to that reorganization action, and either one or two persons such that the board of arbitrators contains an odd number of persons, appointed by the county superintendent of schools of the county in which the districts are located.[*] The districts involved may mutually agree that a person appointed as arbitrator by the county superintendent of schools may act as sole arbitrator of the matters to be submitted to arbitration. The necessary expenses and compensation of the arbitrators shall be divided equally between the districts, and the payment of the portion of the expenses is a legal charge against the funds of the school districts. The arbitrator or arbitrators shall make a written finding on the matter submitted to

*The composition of the board was changed by amendment effective January 1, 1992. (Stats. 1991, ch. 409, § 2.)

sought nor authorized by its board and that the parties only commenced mediation proceedings not intended to resolve the Truxel dispute. More importantly, it claims the dispute is not within the arbitration provisions of section 35565.

I

■ Grant first argues that it only agreed to mediation and not arbitration. This argument is immaterial. It is incontestable, to use Grant's own words, that a "dispute regarding the Truxel site arose . . . January 10, 1992, when Natomas filed its lawsuit seeking to enjoin the sale of the site." The command of the statute, section 35565, is unmistakable. If the dispute cannot be resolved consensually "a board of arbitrators shall be appointed which shall resolve the dispute."

Since the command is statutory, unlike that emanating from a contractual arbitration agreement, it is not susceptible to waiver or novation. Natomas plainly sought an order for arbitration of the dispute. If the prior alternative dispute resolution process was not effective as the arbitration called for by section 35565, that furnishes no reason to disregard the statutory command.

II

Grant's second set of arguments is addressed to the scope of the arbitration statute, section 35565. As related, the arbitration is not founded upon a contract. ■ There is no applicable policy which compels the arbitration of controversies which the parties have not agreed to arbitrate and which no statute makes arbitrable. (See *Freeman* v. *State Farm Mut. Auto Ins. Co.* (1975) 14 Cal.3d 473, 481 [121 Cal.Rptr. 447, 535 P.2d 341].) When arbitration is resisted under a claim that the dispute is not within an arbitration statute the court must construe it. Accordingly, we do so, but only to the limited end of resolving the question of arbitrability, leaving all other questions to the arbitrators. (See, *id.* at pp. 479-481.)

A.

*A Dispute Concerning Real Property Is Within Section 35565*

■ Section 35565 provides that "[i]f a dispute arises between the governing boards of the districts concerning the division of funds, property, or

arbitration. The written finding and determination of a majority of the board of arbitrators is final and binding upon the school districts submitting the question to the board of arbitration."

obligations, a board of arbitrators shall be appointed which shall resolve the dispute." Grant argues that the status of the Truxel site is not arbitrable because real property does not come within "funds, property, or obligations" because the phrase has a contrary usage in a related statute, section 35560.[4] Grant implies that because "property, funds, and obligations" is used in subdivision (b) of section 35560, but not subdivision (a), which pertains to real property, real property is not within the phrase.

There is no such implication. The introductory paragraph of section 35560 establishes that its subject is "funds, property, and obligations . . . ." "[R]eal property," as used in subdivision (a), is unmistakably within that phrase since it is such property which the first paragraph directs "shall be allocated as follows." This inclusion is also unmistakably signaled in subdivision (b), which pertains to *"other* property, funds, and obligations," (emphasis added) i.e., other than the real property which is the subject of subdivision (a).

### B.

*Section 35565 Applies to Disputes Arising out of the Transfer of Part of a District to Another District*

Grant again argues that the arbitration provisions of section 35565 apply only to "property, funds, and obligations" that come within section 35560 (fn. 4, *ante*), since the statute provides the substantive rules applicable to disputes regarding such matters. Grant reasons that section 35560 applies only to disputes regarding the property of a "former district," and that, as this term is defined in section 35516, Grant is *not* such a district.[5] In this instance we need not, and therefore do not, resolve the issue of the proper construction of sections 35560 and 35516 because Grant's consequential

---

[4] Section 35560 is as follows:

"When a school district is reorganized and when the allocation of funds, property, and obligations is not fixed by terms, conditions, or recommendations as provided by law, the funds, property, and obligations of a former district, except for bonded indebtedness, shall be allocated as follows:

"(a) The real property and personal property and fixtures normally situated thereat shall be the property of the district in which the real property is located.

"(b) All other property, funds, and obligations, except bonded indebtedness, shall be divided pro rata among the districts in which the territory of the former district is included. The basis for the division and allocation shall be the assessed valuation of the part of the former district which is included within each of the districts."

[5] Section 35560 provides substantive rules for the allocation of funds, property and obligations of a "former district," except bonded indebtedness, "[w]hen a school district is reorganized . . . ." Section 35516 defines "former district" as used in chapter (ch. 3) containing sections 35560 and 35565. (§ 35510.) It provides: " 'Former district' means a district which

argument, regarding a limited scope of section 35565, is contradicted by its text.

Section 35565 (fn. 3, *ante*) provides for the arbitration of a "dispute . . . between the governing boards of [districts] concerning the division of funds, property, or obligations . . . ." In the case of such a dispute the board of arbitrators "shall consist of one person selected by each district from which territory is withdrawn pursuant to a reorganization action under this chapter, one person selected by each district of which territory has become a part . . . ." The root premise of Grant's argument is that section 35565 is not applicable to a dispute involving a "district from which territory is withdrawn." However, the statute unmistakably contemplates the arbitration of disputes arising out of a reorganization, as here, in which only part of the territory of a district is withdrawn and the district, in one sense, continues to exist.

This is borne out by the provision from which section 35565 is derived, former section 39421. It provided, in pertinent part: "If a dispute arises between the governing boards of the two districts concerned as to what constitutes fixtures, a board of arbitrators shall be appointed who shall determine what articles in a school building located within territory withdrawn from any school district are fixtures thereof." (Stats. 1976, ch. 1010, § 2, p. 3181, operative Apr. 30, 1977.) This provided the means of resolving a dispute arising under former section 39420 concerning fixtures. That section read: "When any territory withdrawn from a school district pursuant to this code contains a school building, site or real property, the building or site, together with the fixtures thereof, shall, upon the withdrawal of the territory becoming effective, become the property of the district of which the territory becomes a part or the whole." (Stats. 1976, ch. 1010, § 2, p. 3181.) Manifestly, this latter provision would have applied to the Grant-Natomas reorganization. Accordingly, so would section 39420, which supplies the means of resolving a dispute concerning its application. Section 35565 parallels section 39420 in every respect except for its extension to disputes involving funds, property, and obligations.

has been wholly included in another district. The boundaries of a former district are those of the district as it existed immediately prior to being wholly included in another district."

Grant argues that since the "district" must be "wholly included" within another district to count as a "former district" the term can apply only to a district that is "fully dissolved," i.e., all of whose territory has been absorbed by one or more other districts. Therefore, Grant suggests, "former district" cannot include a district, such as Grant, from which only a part of the territory has been withdrawn and included in another district. As related, Grant argues that the arbitration statute, section 35565, cannot be meant to cover disputes that are not governed by section 35560 and hence concludes the arbitration statute has no application to a reorganization, as here, in which only part of the territory of a district has been withdrawn but that district continues to exist.

We need not determine the substantive merit of Grant's argument regarding the applicability of section 35560 to the Truxel site. That is a matter for resolution by the board of arbitrators.

## C.

*A Dispute Arising out of a Reorganization Is Arbitrable Before the Effective Date of the Reorganization Action*

Grant's remaining argument, as we discern it, is that Natomas is not one of "the districts" between which an arbitrable dispute can arise under section 35565 until the effective date of the reorganization action.

The Education Code distinguishes between a reorganization action that is "complete" and one that is "effective" for various purposes. (§§ 35530-35537.)[6] ■ Grant suggests that until the action is effective for "all purposes" under section 35534, which it contends would not have occurred until July 1, 1992, a property dispute between the districts affected by the reorganization is not subject to arbitration under section 35565. We disagree.

Section 35565 says that "[i]f a dispute arises between the governing boards of the districts concerning the division of funds, property, or obligations, a board of arbitrators shall be appointed which shall resolve the dispute." Facially, it sets out no limitations regarding the timing of the dispute. Section 35532, subdivision (h), contemplates that the governing board of "the" school district whose status is changed may exercise the powers and duties of the governing boards "of the districts of the same type of class" prior to the effective date of the change of status. If a property dispute surfaces during the interval between completion of the reorganization action and the date when the action becomes effective for various purposes, it is appropriate to resolve the matter expeditiously, so that the disputants can obtain an early answer and plan accordingly before the new situation to which they must adjust is upon them.

---

[6]Section 35534 provides (with two exceptions not applicable here) that "any action to reorganize a school district shall be effective for all purposes on July 1 of the calendar year following the calendar year in which such action is completed."

Section 35532 provides that, except as otherwise provided, "in any school district which is created or whose boundaries or status is changed by an action to reorganize districts, the changes shall be effective on the date when all of [specified acts and events occur]."

We conclude that the dispute between Grant and Natomas is arbitrable whether or not the reorganization action has become "effective" for all purposes.[7]

## DISPOSITION

For all the foregoing reasons, the trial court erred in failing to determine that the dispute concerning the ownership of the Truxel site is subject to arbitration under section 35565. Accordingly, there is no warrant to determine the merits of the dispute in the judicial forum.

The order dissolving the preliminary injunction and denying the request of Natomas for a permanent injunction is reversed. The matter is remanded to the superior court with directions that the dispute be arbitrated pursuant to section 35565. The preliminary injunction shall continue pending completion of that process and further order of the court. The order of this court staying the sale of the Truxel site, having served its purpose, is dissolved, effective upon finality of this opinion. The parties shall bear their own costs on appeal.

Scotland, J., and Nicholson, J., concurred.

---

[7]We hasten to note that in determining that the matter is arbitrable we do not imply any views beyond those strictly necessary to that determination. We imply no view on the outcome of the application of section 35560, subdivision (a) to the facts of this case. For example, while we have held that the matter is arbitrable despite Grant's "effective" date argument, we have not decided that the time when the reorganization is "effective" for one or more purposes is inconsequential. (Compare *ibid.*, with former § 39420, Stats. 1976, ch. 1010, § 2, p. 3181.)